IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SALCIDO, a minor by and through his guardian ad litem Jeanine Salcido,<br><br>              Plaintiff,<br>    v.<br><br>THE COUNTY OF MADERA, DEPUTY JEFFERY THOMAS #10321, SERGEANT PATRICK MAJESKI #8484, DEPUTY MATTHEW KUTZ #11173, DEPUTY S. STRIZEL #8616, DEPUTY MARK SCHAFER #9630, DEPUTY BRIAN CUTLER #10846, DEPUTY IAN WEAVER #11404, and DOES 1-50,<br><br>              Defendants. | 1:10-CV-195  AWI DLB<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 11) |

    This lawsuit arises from a confrontation between minor Plaintiff Jacob Salcido ("Salcido")[1] and members of the Madera County Sheriff's Department.  Plaintiff alleges violations of 42 U.S.C. § 1983 (specifically violations of the First, Fourth, and Fourteenth Amendment) and state law tort claims for assault, battery, false imprisonment, and intentional infliction of emotional distress.  Defendants move to dismiss Salcido's Complaint.  For the reasons that follow, the motion will be granted.

---

[1] Salcido filed this case without a guardian ad litem.  The Court stayed the proceedings in order to give Salcido the opportunity to petition for the appointment of a guardian ad litem.  The Court appointed Salcido's mother, Jeanine Salcido, to be guardian ad litem.  The Court lifted the stay on October 6, 2010.

# BACKGROUND

The Complaint alleges that, on February 19, 2008, Salcido was at home when Defendants Deputy Jeffery Thomas and Sergeant Patrick Majeski approached Saclido's home. Complaint at ¶ 10. "Defendants searched, detained, and seized Salcido at his home and refused to allow him to speak to others." Id. Defendants had no probable cause to search, detain, and seize Salcido." Id. at ¶ 11. "Defendants used unreasonable and excessive force in seizing [Salcido] and tased [him] twice." Id. at ¶ 12. Defendants were following Madera County custom and practice in the interaction with Salcido. Id. at ¶ 13. Salcido sustained injury as a direct result of Madera County's policies and failure to train. Id.

# RULE 12(b)(6) FRAMEWORK

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). As the Supreme Court has recently explained:

 While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949; see Twombly, 550 U.S. at 570; see also Weber v. Department of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). If a Rule 12(b)(6) motion to dismiss is granted, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## DEFENDANT'S MOTION

### I. Federal Claims

*Defendants' Argument*

Defendants argue that the Complaint contains insufficient factual allegations and has only conclusory assertions. The Complaint does not differentiate between Defendants and does not

3

explain how constitutional rights were violated.

*Plaintiff's Opposition*

Salcido does not address Defendants' arguments. Instead, Salcido recites additional facts that do not appear in the Complaint.

*Resolution*

Defendants' assessment of the Complaint is correct. The Complaint is very short and contains little more than bare legal conclusions that Salcido's rights were violated. Bare legal conclusions that are unsupported by *factual allegations* do not state claims for relief. See Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969; In re Gilead Scis., 536 F.3d at 1056-57.

Initially, the Complaint contains no allegations that establish how each defendant deprived Salcido of his constitutional rights. Cf. Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) ("A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." (citing Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). The Complaint appears to single out Defendants Thomas and Majeski (these officers went to Salcido's house), but then it proceeds to lump all defendants together. In a § 1983 case involving a government agency and government actors in their individual capacities, "it is particularly important . . . that the complaint makes clear exactly who is alleged to have done what to whom, [in order] to provide each individual with fair notice . . . ." Bryson v. Gonzales, 534 F.3d 1282, 1290 (10th Cir. 2008); see also Wong v. United States INS, 373 F.3d 952, 967 (9th Cir. 2004); Young v. City of Visalia, 687 F.Supp.2d 1141, 1154 (E.D. Cal. 2009). Salcido needs to differentiate among the Defendants and explain what each Defendant did to deprive him of a constitutional right.

With respect to the first cause of action for violation of the First Amendment, there are no factual allegations that explain how the First Amendment was violated or which defendants deprived Salcido of his First Amendment rights. The previous allegations that are incorporated by reference shed no light as to how the First Amendment was violated. The opposition does not

even mention or attempt to defend the first cause of action. Dismissal is appropriate.

With respect to the second cause of action for violation of the Fourth Amendment, the allegations do not sufficiently show unreasonable force. The only allegation is that unspecified defendants used a taser against Salcido. The mere allegation that a taser was used does not by itself show excessive force. Also, although the Complaint appears to allege that Plaintiff was searched without probable cause, as discussed above, the Complaint does not identify which defendant(s) searched Salcido. Dismissal of this cause of action is appropriate.

With respect to the third cause of action for violation of the Fourteenth Amendment, this cause of action suffers from the same deficiencies as the first cause of action. There are no factual allegations that explain how the Fourteenth Amendment was violated or which defendants deprived Salcido of his Fourteenth Amendment rights. The previous allegations that are incorporated by reference shed no light as to how the Fourteenth Amendment was violated. Dismissal is appropriate.

Finally, it appears that Salcido is attempting to allege *Monell* liability against Madera County. The allegations simply make a conclusory statement that conduct was done pursuant to a policy or practice of Madera County. The allegation is insufficient. See Iqbal, 129 S.Ct. at 1949-50. If Salcido is attempting to allege *Monell* liability against Madera County as part of his 42 U.S.C. § 1983 claims, the he needs to: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur. Young, 687 F.Supp.2d at 1149.

The Court will dismiss Salcido's first three causes of action with leave to amend. Salcido's opposition contains numerous facts that should have been included in the original complaint, but inexplicably were omitted. The additional facts indicate that amendment of the second cause of action would not be futile. Cf. Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9t h Cir. 2003) (facts raised in opposition papers may not defeat a motion to dismiss, but may be considered by the court to determine whether dismissal should be with or without prejudice).

However, the opposition indicates that Salcido's Fourteenth Amendment claim is based on the search, being tasered, and being arrested.  See Court's Docket Doc. No. 14  Such conduct is governed by the Fourth Amendment, and attempting to sue under both the Fourth and the Fourteenth Amendment is not appropriate.  See Ramirez v. Butte-Silver Bow County, 298 F.3d 1022, 1029 (9th Cir. 2002).  If Salcido chooses to amend his Fourteenth Amendment claim, he must do so consistent with *Ramirez*.  Finally, although Salcido did not address the first cause of action, it is not clear that amendment would be futile.  If Salcido has chosen to abandon this cause of action, he should not include it in an amended complaint.

## II.      **State Law Claims**

*Defendants' Argument*

Defendants argue that Salcido's claims arise from events occurring on February 19, 2008. Defendants state that there is no dispute that Salcido filed a government tort claim on July 1, 2008.  Defendants also state that there is no dispute that the claim was denied the next day on July 2, 2008.  Pursuant to Government Code § 945.6, Salcido had six months from the date of rejection, that is January 2, 2009, in which to file a lawsuit.  However, Salcido did not file suit until February 5, 2010.  His state law claims are thus untimely.

*Plaintiff's Opposition*

Salcido argues that Government Code § 911.4 provides a number of exceptions to the statute of limitations for claims against municipalities.  For instance, §§ 911.4(c)(2) and (c)(3) make provision for minors who are adjudged dependents of the juvenile court.  Here, Salcido was adjudged to be a dependent of the juvenile court.  He meets the criteria for tolling established by §§ 911.4(c)(2) and (c)(3).

*Legal Standard*

The California Tort Claims Act requires a plaintiff to file a tort claim with a public entity prior to filing a complaint for damages arising out of an alleged tort by a public entity or employee.  See Cal. Gov't Code §§ 945.4, 950.2; Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 208 (2007); Williams v. Horvath, 16 Cal.3d 834, 838 (1976); K.J. v. Arcadia Unified

School Dist., 172 Cal.App.4th 1229, 1238 (2009); Watson v. State of California, 21 Cal.App.4th 836, 843 (1993). Such claims must be presented to the governmental entity no later than six months after the cause of action accrues. See Cal. Gov't Code § 911.2; Shirk, 42 Cal.4th at 208; K.J., 172 Cal.App.4th at 1238. However, under certain circumstances, a claimant may obtain leave to file a late claim with the public entity. See Cal. Gov't Code § 911.4; County of Los Angeles v. Superior Court, 91 Cal.App.4th 1303, 1308 (2001); see also Ellis v. City of San Diego, 176 F.3d 1183, 1190 (9th Cir. Cal. 1999). After a claimant files his claim with a public entity, and the public entity sends a written rejection of the claim, the claimant has six months from the date the rejection was mailed in which to file a lawsuit regarding the claim. See Cal. Gov't Code §§ 945.6(a)(1), 950.6(b); Shirk, 42 Cal.4th at 209; K.J., 172 Cal.App.4th at 1233, 1238; Okoro v. City of Oakland, 142 Cal.App.4th 306, 311 (2006); Martell v. Antelope Valley Hosp. Medical Ctr., 67 Cal.App.4th 978, 982-83 (1998). In federal court, the failure to allege facts that either demonstrate or excuse compliance with the California Tort Claims Act will subject a state law claim to dismissal. See Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angele Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); accord Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969).

*Discussion*

There are no allegations in the complaint regarding when Salcido presented his claim or when Madera County sent a letter of rejection. Defendants state that the dates are July 1 and July 2, 2008, but those dates do not appear in the complaint. In ruling on a motion to dismiss, the Court is generally limited to examining the complaint. There are exceptions to examining only the complaint, such as judicial notice or incorporation by reference. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). However, Defendants have pointed the Court to nothing that would justify dismissal of the state law claims as being in violation of Government Code § 945.6 or § 950.6. The Court cannot tell from the Complaint whether the claims were filed within six months of rejection by Madera County.

Nevertheless, there clearly are state law claims being made against a public entity and

what appear to be employees of that entity.  As such, Salcido is required to plead compliance with the California Tort Claims Act.  See Mangold, 67 F.3d at 1477; Karim-Panahi, 839 F.2d at 627.  Because there are no allegations whatsoever that relate to the California Tort Claims Act, dismissal of each state claim (causes of action four through seven) is appropriate.  See id.

Based on the opposition, it appears that amendment may be futile.[2]  Nevertheless, out of an abundance of caution, dismissal will be without prejudice to amendment.

## CONCLUSION

Dismissal of the federal causes of action, which are the first three causes of action, is appropriate because the allegations are sparse and amount to little more than a series of legal conclusions that have insufficient factual support (including the allegations that appear to be aimed at *Monell* liability).  Further, the Complaint does not make allegations regarding individual defendants or distinguish between individual defendants.  The Complaint does not give fair notice to the individual defendants.

Dismissal of the state law causes of action, which are the fourth through seventh causes of action, is also appropriate.  Although the Court cannot tell if Salcido has complied with Government Code § 945.6 or § 950.6, there are no allegations in the Complaint that indicate that Salcido has complied with any requirement of the California Tort Claims Act.  Without allegations showing compliance with the California Tort Claims Act, the state law causes of action have not been adequately pled.

Dismissal of the entire Complaint will be with leave to amend because the opposition indicates that amendment may not be entirely futile.

---

[2] In opposition, Salcido did not challenge Defendant's assertion that Madera County denied his claim on July 2, 2008.  Instead, he relied on Government Code § 911.4(c) to provide an exception to Government Code § 945.6's six month statute of limitations.  However, § 911.4 deals with situations in which a claimant may file a late claim with the public entity.  See Cal. Gov. Code § 911.4; County of Los Angeles, 91 Cal.App.4th at 1308.  Section 911.4 does not mention § 945.6 (or § 950.6).  Since Defendants indicate that a claim was filed with Madera County within six months of February 19, 2008, and given the limited briefing submitted, the Court does not see how § 911.4 has application in this case.  If Salcido amends his complaint and includes state law claims, he should be prepared to explain how his causes of action are timely under the California Tort Claims Act.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss is GRANTED;
2. Plaintiff's Complaint is DISMISSED with leave to amend;
3. Plaintiff may file an amended Complaint consistent with this order within twenty (20) days of service of this order; and
4. The failure of Plaintiff to file an amended complaint within twenty (20) days of service of this order will result in the conversion of this order into a dismissal with prejudice and the closing of this case without further notice.

IT IS SO ORDERED.

Dated:     November 16, 2010                              _____
                                                          CHIEF UNITED STATES DISTRICT JUDGE