IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SALCIDO, a minor by and through his guardian ad litem Jeanine Salcido,<br><br>              Plaintiff,<br>v.<br><br>THE COUNTY OF MADERA, et al.,<br><br>              Defendants. | 1:10-CV-195  AWI BAM<br><br>**ORDER VACATING PRE-TRIAL CONFERENCE AND ORDER TO SHOW CAUSE** |

      Trial in this matter is set for October 30, 2012. The pre-trial conference is set for September 7, 2012. Pursuant to the scheduling order, the parties were required to file a joint pre-trial statement. See Doc. No. 41 at 4:19-21.

      On August 31, 2012, Defendant filed a pre-trial statement. See Doc. No. 49. Defendants represent that they have been unable to reach Plaintiff's counsel regarding a joint pre-trial statement despite numerous letters, e-mails, and phone calls over the past five weeks. See id. at 1:4-10. Defense counsel represents that Plaintiff's counsel has failed to respond to all attempts to meet and confer, and Plaintiff has provided no information for the pre-trial statement. See id. Nevertheless, defense counsel states that a good faith effort has been made to provide all information that is required for a joint pre-trial statement. See id.

      Based on the representations made in Defendant's pre-trial statement, Plaintiff is in violation of a Court order and the local rules. Plaintiff has filed no pre-trial statement of any

kind. Based on the representations made in Defendants' pre-trial statement, it does not appear that Plaintiff has made any effort to comply with the local rules or the scheduling order. The failure of Plaintiff to file a pre-trial statement, let alone the ordered and required joint pre-trial statement, renders the pre-trial procedures incomplete and the pre-trial conference impractical. Without a meaningful pre-trial conference, a reasonable and efficient jury trial cannot be accomplished. Thus, this case is now at a stand still.

Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with Local Rule); In re Eisen, 31 F.3d 1447, 1456 (9th cir. 1994) (dismissal for lack of prosecution); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order, a court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at 1424; Thompson, 782 F.2d at 831.

In light of the Plaintiff's failure to file any pre-trial statement, the apparent failure to make any attempt to file the ordered and required joint pre-trial statement, and the

representations made by Defendants in their timely filed pre-trial statement, the Court has concerns regarding Plaintiff's prosecution of this case. The Court will vacate the currently set pre-trial date and order Plaintiff to show cause in writing why he failed to file any pre-trial statement, why he failed to file the required joint pre-trial statement, and why this case should not be dismissed for failure to prosecute and/or for failure to follow Court orders and local rules.

Accordingly, IT IS HEREBY ORDERED that:

1. The pre-trial conference date of September 7, 2012, is VACATED;
2. Plaintiff shall show cause in writing why sanctions should not be imposed, including the dismissal of this case with prejudice, for the failure to prosecute this case and for the failure to file the required pre-trial statement in violation of the scheduling order;
3. Plaintiffs shall file their response to this order no later than 9:15 a.m. on September 10, 2012;
4. If the Court is satisfied with Plaintiff's response, the Court will discharge the OSC, re-set the pre-trial conference, and require that a joint pre-trial statement be submitted; and
5. Plaintiff is warned that the failure to file a timely response to this order will result in the dismissal of this case with prejudice without further notice.

IT IS SO ORDERED.

Dated:     September 4, 2012

CHIEF UNITED STATES DISTRICT JUDGE